**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rufus HOUSER, a/k/a Pookie,
Defendant—Appellant.**

No. 04–7386.

United States Court of Appeals,
Fourth Circuit.

Submitted Feb. 9, 2005.

Decided March 16, 2005.

Rufus Houser, Appellant pro se. Paul Thomas Camilletti, Office of the United States Attorney, Martinsburg, West Virginia, for Appellee.

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

PER CURIAM.

█ Rufus Houser, a federal prisoner, seeks to appeal the district court's order denying relief on his motion to vacate judgment pursuant to 28 U.S.C. § 2255 (2000), which Houser attempted to bring under Fed.R.Civ.P. 60(b). An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller–El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude that Houser has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

█ Additionally, we construe Houser's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Houser's claim does not satisfy either of these conditions. Therefore, we decline to authorize Houser to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*